## MOFFAT a. MOUNT.

*New York Superior Court; General Term, May,* 1863.

TRIAL BY JURY.—WITNESS.—HUSBAND AND WIFE.

In an action for an accounting in respect to both real and personal property, the transactions being alleged to be in the nature of a partnership, the practice of courts of equity does not confer on either party the absolute right to a trial by jury.

The right to a trial by jury in civil cases is waived by entering on the trial before the court without a jury without making objections.

Before the act of 1860, as well as since the amendment of 1862, husband and wife were not in general admissible as witnesses for and against each other.*

Appeal from a judgment.

This was an action between John Moffat and Richard E. Mount, Jr., executor of the will of W. B. Moffat, and Julia A. Moffat and others. The object of the action was to establish the existence of a partnership, and to have an accounting in respect thereto, the assets involving both real and personal property.

---

* Compare Bihin a. Bihin, *infra*, 19.

*P. G. Clarke* and *Charles· O'Conor*, for the appellants.

*G. Tillotson* and *James T. Brady*, for the respondents.

BY THE COURT.—ROBERTSON, J.—The only questions of law raised in this case are the refusal to grant a jury-trial, the exclusion of the plaintiff's wife as a witness, and the admission of Mr. Selden's account-books as evidence.

The practice of courts of equity in awarding issues in cases like this, does not confer on either party an absolute right to a trial by jury. Wherever a court of equity, from its less familiarity with discovering and weighing secret motives of action, and measuring men's ordinary conduct and conversation as the evidence thereof, felt the necessity of the aid of twelve men, taken from the mass of the community, and accustomed to scan nicely the conduct of mankind in their daily intercourse and multiplied transactions, it adopted, but did not accept, their assistance as a matter of absolute duty. It is true the court found that in a certain class of cases such assistance was beneficial, but I do not find any principle compelling a court to avail itself of such assistance. It was, therefore, in most cases, a matter of discretion, and not of right. But it is contended that before the adoption of the present Constitution in this State, the peculiar character of the claim would have entitled the plaintiff to a trial by jury, and, therefore, he was entitled to it here. I do not find in the case any objection made to the trial of the issues without a jury at the time of such trial. The plaintiff offered his testimony, and the cause proceeded without any objection or protest. The Constitution provides that a trial by jury may be waived in such manner as the Legislature may prescribe. (Art. 1, § 2.) The Code, in terms, only provides for a waiver by a failure to appear, filing a written consent, or oral consent in open court, entered on the minutes; but it has been settled that entering on a trial without objection is a waiver. (Greason *a.* Keteltas, 17 *N. Y.*, 491.) If the plaintiff felt confident that he was entitled to a jury-trial, he might have refused to appear; but, having taken the chance of a decision in his favor by a jury of one, he must abide by the consequences. If the plaintiff had confined himself to an action for an accounting as to personalty only, he might possibly have

been entitled to a trial by jury, as a substitute for the action of account; but he has gone upon the equity side for relief as to real estate, and, having joined the two, has deprived himself of the right of trial by jury. The very fact that he was entitled to different modes of trial as to the two different kinds of property, would probably have entitled him to split up his cause of action into two suits. (Greason a. Keteltas, *supra.*)

In regard to the admissibility of the plaintiff's wife as a witness, the Legislature of this State, in 1862 (*Sess. Laws of* 1862, 858, § 31), struck off the tag which had been fastened in 1860 to a previous amendment of section 399 of the Code (*Sess. Laws of* 1860, 787, § 12), and under which, attempts had been made to invade the sanctity of the domestic hearth, and introduce distrust by making husband and wife witnesses for and against each other. At the time of the trial in this case in 1857 there was no foundation for any such rule.

[The remainder of the opinion we omit, as it is concerned only with the peculiar facts of the case and the weight of testimony.]