PHILIP WILKE, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

A wife is not a competent witness in a criminal action or proceeding against her husband.

After the testimony has been closed in a criminal trial and the case has been summed up to the jury, it is within the discretion of the court to reject further testimony offered by the prisoner.

No power is given to an appellate court to interfere with that discretion by the provisions of the statute in relation to the Court of General Sessions of the Peace for the city and county of New York (§ 3, chap. 339, Laws of 1855), which authorize an appellate court to interpose if it shall be satisfied that the verdict against the prisoner is against the weight of evidence, or against the law, or that justice requires a new trial. All that justice, in a legal sense, requires is a fair and full trial according to the prescribed forms of law.

Said section in any view is only applicable to a conviction for a capital offence and to an offence where the *minimum* punishment is imprisonment for life.

So also it is only in such cases that the accused has a right of review in an appellate court without taking an exception in the trial court.

(Argued September 25, 1873; decided October 7, 1873.)

ERROR to the General Term of the Supreme Court in the first judicial department, affirming a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, entered upon a verdict convicting plaintiff in error of the crime of murder in the second degree.

Plaintiff in error was tried upon an indictment for murder on the 22d March, 1872. Upon the trial his wife was offered as a witness in his behalf, but her testimony was excluded by the court, to which ruling the prisoner's counsel excepted. After the case had been summed up to the jury, the prisoner's counsel asked permission to introduce some testimony, which he claimed to have just discovered. This the court refused, and the prisoner's counsel excepted. The prisoner was convicted of murder in the second degree.

Other facts appear in the opinion.

*A. Oakey Hall* for the plaintiff in error. The verdict of murder in the second degree was against law. (*Foster's Case*, 50 N. Y., 598.) It was error to reject the evidence offered on the part of the prisoner after the summing up; a new trial should, therefore, be granted. (Laws 1855, chap. 337, §§ 3, 5; *McNevins* v. *People*, 61 Barb., 307.) The General Term should have taken the responsibility of adjudging the case one of manslaughter in the third degree. (*People* v. *Manuel*, 48 Barb., 550; *McNevin's Case*, 61 id., 307; *Lamb's Case*, 2 Keyes, 380–386.) The prisoner's wife was a competent witness. (*Pedley* v. *Wellesley*, 3 C. & P., 558; *Wehrkamp* v. *Willet*, 1 Keyes, 252, 253.)

*Benj. K. Phelps*, district attorney, for the defendants in error. The testimony of the prisoner's wife was properly excluded. (2 Laws 1867, 2221.) It was proper to refuse to allow the introduction of testimony after the summing up. It was entirely a matter of discretion with the court. (*Ralle* v. *People*, 17 How. Pr., 565; *Leland* v. *Bennett*, 5 Hill, 286; *Johnson* v. *Tallmadge*, 4 Cow., 450; *Frederick* v. *Gray*, 10 Serg. & Rawle, 102; *Rex* v. *Stimpson*, 2 Car. & P., 415; *George* v. *Radford*, 3 id., 464.) There was no exception to the recorder's charge, and no error that would authorize a reversal of the judgment. (*Thompson's Case*, 41 N. Y., 1–7; *Keefe* v. *People*, 40 id., 348.)

FOLGER, J. 1st. The wife of the prisoner was not a competent witness in a criminal action or proceeding against him. This is the rule of the common law, and can be abrogated only by statute. There is no statute which does this. That of 1867, making a wife a competent witness for or against her husband, is confined by its terms to civil actions and proceedings. (Laws of 1867, vol. 2, p. 2221, chap. 887, § 2.)

2d. It was in the discretion of the court below, to reject the testimony offered by the prisoner, after the proofs had closed and the case had been summed up to the jury, by his counsel and by the district attorney. Nor does the peculiar

statute, in relation to the Court of General Sessions of the Peace for the city and county of New York (Laws of 1855, p. 613, chap. 337, § 3), give an appellate court the power to interfere with that discretion in such a case as this, even if its applicability hereto be conceded.   An appellate court under that statute, may interfere if it shall be satisfied that the verdict against the prisoner, is against the weight of evidence, or against the law, or that justice requires a new trial.   The testimony not having been received, it did not affect the weight of the evidence.   It was not against law to reject it, for the prisoner had had his day in court and had declared his proofs at an end.   Justice does not require a new trial on account of its rejection, for justice, in a legal sense, is what is one's due or desert; the giving or administering of which is the object or end of the law.   All that was the due or desert of the prisoner, was a fair and full trial upon the indictment, according to the prescribed forms of law.   So far as this point is concerned, that he had.   If that phrase has a more vague or wider signification, it is not applicable here.   It is only where the provisions of section 3 of the act of 1855 are applicable, that an appellate court can order a new trial for that justice requires it, in any sense of the phrase broader than the legal sense.   That they are not applicable in this case, is shown under the next head.

3d.   If it should be conceded that the charge of the learned recorder, instructing the jury that they could find the prisoner guilty of murder in the second degree was incorrect, or that it was incorrect in any other respect, to which no exception was taken; and if it should be conceded that the verdict rendered is entirely unsustained by the evidence, yet there is no power in this court to reverse the judgment on those grounds. The prisoner took no exception to the charge of the court, nor in any way raised a question as to the sufficiency of the evidence.   And the authority cited by the learned district attorney (*Thompson* v. *The People*, 41 N. Y., 1) is in point, unless the prisoner brought his case within the act of 1855.   That act, in its third section, is applicable to a conviction for a capital

offence, and to an offence punishable as a *minimum* punishment by imprisonment in the State prison for life. It is in such cases and in no other, that the accused is relieved from the necessity of taking an exception in the court in which he is tried, that he may have a right of review in an appellate court. The offence of murder in the second degree, however, is not a capital offence; nor was it, at that time, one punishable as a *minimum* punishment by imprisonment in State prison for life. The offence was then punishable by imprisonment in a State prison for any term not less than ten years (act of 1862, § 7), so that the case of the prisoner is not within the provisions of the act. And as he took no exception to the charge of the court in the particular now under consideration, and in no manner raised the question in the court in which he was tried, that the evidence would not warrant a conviction for murder in the second degree, and now shows no exception on which to base that point in an appellate court, it follows that it is not available here.

The judgment must be affirmed.

All concur.

Judgment affirmed.