SLATTERY, plaintiff in error, v. PEOPLE.

*Trial — exceptions, when necessary — when error no ground for reversing conviction.*

The court, upon the trial of an indictment for an assault with intent to kill, at the request of the prisoner, charged the jury that they could not convict of an assault with a sharp, dangerous weapon, with intent to do bodily harm. The prisoner took no exception to the ruling. The jury convicted of assault, with intent to kill. *Held,* (1) that an exception was necessary to present an error for review; and (2) that as the charge, if wrong, could not prejudice the prisoner, and as it was made at his request, the error was no ground for reversing the conviction.

ERROR to the court of general sessions of the city of New York, to review the conviction of Patrick Slattery. The facts appear in the opinion.

*William F. Kintzing,* for plaintiff in error.

*Benjamin K. Phelps,* for People.

DANIELS, J. The prisoner was indicted and convicted of an assault with intent to kill. Before the cause was submitted to the

jury his counsel requested the court to charge that he could not be convicted under the indictment of an assault with a sharp, dangerous weapon, with intent to do bodily harm, and the court so held and charged. To this ruling no exception was taken, if indeed any properly could have been, after it was made by the express solicitation of the prisoner's counsel. *Proestler* v. *Kuhn*, 49 N. Y. 654.

In cases punishable by death or by imprisonment in the State prison for life, as a minimum punishment, tried in the court of general sessions, an exception is not required in order to present a legal proposition for review upon writ of error after conviction. Laws 1855, chap. 337, §§ 3, 4. But this case is not within the provisions of that act, because the maximum term of imprisonment cannot extend beyond the period of twenty years. Laws 1865, chap. 212, § 3. Whether the court was right or wrong in holding that the prisoner could not be convicted under the indictment of the offense of making an assault with a dangerous weapon with intent to do bodily harm, is not, therefore, properly before this court for its decision. *Wilke* v. *People*, 53 N. Y. 525.

But if it were it could do the prisoner no good, because the proposition was held by the court in response to his own express request, and though wrong, as it clearly was, since it was in direct conflict with the statute, it could be of no service to him, because the jury have, by their verdict, negatived the idea that the crime committed by him was any thing less than that charged in the indictment. 3 Rev. Stat. (5th ed.) 970, § 25. The error in that state of the case could by no possibility prejudice the prisoner. On the contrary, it afforded him an opportunity of being convicted of a simple assault and battery, when, under the circumstances, he was strictly entitled to no such lenity.

As this is the only reason urged in favor of a reversal of the conviction, and there is clearly nothing in the objection taken, the conviction should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

*Conviction affirmed.*