# THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* JOSEPH R. CRANDON, RESPONDENT.

*Proceedings to convict a husband as a disorderly person, are criminal in their character — the wife may be the complainant — she cannot testify as a witness.*

Proceedings instituted under chapter 127 of 1861, to secure the conviction of a husband as a disorderly person, for neglecting to support his family, are criminal in their nature.

The complaint required by that act, to authorize the justice to issue his warrant for the examination of the accused, may be made by the wife.

The wife is not, however, a competent witness against her husband in such proceedings; section 828 of the Code of Civil Procedure is only applicable to civil actions.

APPEAL from an order made. at Special Term, reversing the conviction of the defendant as a disorderly person by a justice of the peace.

Proceedings were commenced before a justice of the peace for the town of Salina, Onondaga county, to convict the defendant of being a disorderly person. The conviction was had upon the evidence, principally, of the defendant's wife. The defendant obtained a *certiorari* to review the proceedings which were brought before the Onondaga Special Term, where the proceedings were reversed.

*A. L. Johnson,* for the appellant.

*Hunt, Leavenworth & Weaver*, for the respondent.

HARDIN, J.:

The proceeding instituted in the name of the People against the defendant, to have him declared a disorderly person, was in the nature of a " criminal " proceeding, as contradistinguished from a civil action or a " civil special proceeding."

Section 4 of the Old Code divides all actions into " civil " and " criminal " actions. Section five declares that " a criminal action is prosecuted by *the People of the State, as a party, against a person charged with a public offence for the punishment thereof.*

Prior to 1861 the statute did not declare persons who shall abandon or neglect to support their wives and children disorderly persons. (Chapter 127 of Laws of 1861.)

That statute amended the Revised Statutes in respect to such persons, and brought them into the category with idlers, montebanks, prostitutes, jugglers, common showmen, etc. (1 R. S. [Edm. ed.], § 1, p. 591.)

The second section of the act as to disorderly persons, cited *supra*, provides that " upon *complaint made on* oath " a justice of the peace " shall issue his warrant for the apprehension of the *offender* and cause him or her to be brought before such justice for examination."

" If it shall appear by the confession of the *offender*, or by competent testimony, that he or she is a disorderly person, the justice may require of the *offender* sufficient sureties for his or her good behavior for the space of one year."

If there is default, then the justice is " to make up, sign and file in the county clerk's office a record of the conviction of *such offender* as a disorderly person." * * *

This language is apt and appropriate for the definition of the crime, for the examination of the *offender* or criminal, for his conviction and for prescribing the penalties for his offence. The tenth section provides that the Court of Sessions may order the disorderly person to be " kept in the common jail for any term, not exceeding six months, *at hard* labor, or may direct that, during any part of the time of imprisonment, not exceeding thirty days, such offender shall be kept on bread and water only."

It is obvious that the offence of being a disorderly person is one against the *public*, and as such is dealt with and punished. It is, therefore, quite clear that proceedings under the statute against disorderly persons are not civil " actions nor civil proceedings," but are " criminal proceedings or criminal prosecutions." (*People ex rel. Kehlbeck* v. *Walsh*, 11 Hun, 293; *Bayne* v. *People*, 14 id., 181; *People ex rel. Post* v. *Supervisors of Ontario*, 4 Denio, 260; *People* v. *McCarthy*, 45 How., 98; *Duffy* v. *People*, 6 Hill, 79; *People* v. *Reagle*, 60 Barb., 527.)

The wife made the affidavit on which the proceedings were instituted and the warrant issued. On the return it was objected to as insufficient.

The statute says " upon complaint made on oath to any justice," * * * he shall issue his warrant. The statute is general and contemplates a complaint on oath by any person competent to make an oath in legal proceedings or to make an affidavit, and does not require the person to be qualified to be a witness. It seems, therefore, that her oath may be held sufficient to institute the proceedings.

But a more serious and important question arose upon the hearing, as to her competency as a witness against her husband. She was offered as a witness, and he objected that she was not competent to give evidence, and the objection was overruled. Was the ruling erroneous? The statute says, " if it shall appear, by the *confession of the offender or by competent testimony*, that he or she is a disorderly person, the justice may require of the offender sufficient sureties," etc. * * *

(1.) There was no confession by the accused, and the case could not, therefore, be upheld under the first part of the statute quoted.

(2.) She being the wife of the offender and these being, as we have seen, criminal proceedings, her testimony was not competent.

At common law the wife could not be a witness against the husband on account of the marital relations, they rendering it against public policy, except where a crime was committed in the absence of witnesses, and this exception was only allowed from the necessity of the case. (*Bihin* v. *Bihin*, 17 Abb. Pr., 19; *Moffat* v. *Mount*, 17 Abb. Pr., 4; *People* v. *Carpenter*, 9 Barb., 580; *People* v. *Colbern*, 1 Wheeler, 479.)

This disability has not been removed. The Laws of 1867, chapter 887 provided innovations upon the common law rule as to civil actions and proceedings. But it was carefully declared in section two of that act, that nothing therein "shall render any husband or wife competent or compellable to give evidence for or against the other in any criminal action or proceeding." * * * We must, therefore, hold that the act of 1867 did not render the wife competent to give evidence in these proceedings.

Chapter 678 of Laws of 1869 provides that criminals may be witnesses in their own behalf, but it does not in any other respect change the common law rule.

Although section 828 of the New Code has provided that a husband or wife may be witnesses against each other in certain cases, it does not aid the appellants here. That section does not apply to criminal proceedings. (Laws of 1876, chapter 449, section 4.)

We are referred to *Southwick* v. *Southwick* (49 N. Y., 519) by the appellant's counsel. That case, however, does not support his position. It is held there that in a civil action between husband and wife, in respect to money transactions, either can be a witness. That result is placed upon the language of the first section of the act of 1867, *supra*, and nothing in the case applies to a criminal case or criminal proceeding.

The case of *Minier* v. *Minier* (4 Lans., 421) is to the same effect as *Southwick* v. *Southwick* (*supra*). In *Wilke* v. *People* (53 N. Y., 525) it was held that the wife of the prisoner could not be a witness for him. The same rule was stated and followed by Cordozo, J., in *Foster's case*, as appears by a note in 13 Abbott (N. S.), 375. The conviction was afterwards affirmed by the Court of Appeals. The case of *Matteson* v. *New York Central Railroad Company* (62 Barb., 364) only held that in a civil action husband and wife were competent witnesses in their own suit.

The justice improperly overruled the objection taken to the offer of the wife as a witness in behalf of the People against the husband, and her evidence was not "competent testimony."

Without her evidence there was no case made out against the

accused. The Special Term, therefore, properly reversed the conviction and we must affirm its order, without costs.

TALCOTT, P. J., and SMITH, J., concurred.

Order of the Special Term affirmed, without costs.