Jasen, J. (dissenting).
In his opening to the jury, defense counsel stated that ‘[1] The sole issue that is going to be presented to you for your consideration is whether the People are able to establish the identity of the person who committed that crime.” At the close of the trial, in his summation, counsel for the defendant re-emphasized what he had stated in his opening, ‘ ‘ that there is only one issue in this case, and that issue is the issue of identity ’ ’.
Section 393-b of the Code of Criminal Procedure provides that: ‘[1] When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification.”
In my view, an identification by a witness of a composite sketch, prepared by a third party from a description given by the witness, should be received in evidence under section 393-b as"a “previous identification” of the defendant. After all, it represents a likeness of the offender prepared a few days following the crime from a description given by the victim. It seems to me that this type of evidence has greater probative value than an identification made in the courtroom where [1] ‘ the circumstances of the trial may have intervened to create a fancied recognition in the witness’ mind.” (People v. Gould, 54 Cal. 2d 621, at p. 626; see, also, People v. Imbler, 57 Cal. 2d 711, 716; 4 Wigmore, Evidence [3d ed., 1940], § 1130, p. 208.) There can *95 be little doubt that such ‘ ‘ previous identification ’ ’ tends to connect the defendant with the crime.
I cannot agree with the majority that the reason for the rule that a witness may not testify to an extrajudicial identification of a photograph of the defendant ‘ ‘ applies with greater force in the case of a composite sketch.” Although we have repeatedly rejected efforts to extend section 393-b to extrajudicial identification by photographs (People v. Caserta, 19 N Y 2d 18), the rationale underlying these decisions does not require the exclusion of an extrajudicial identification of a composite sketch. The principal objection to the admission of photographic identification testimony is that an inference may be drawn by the jury that the person involved has a criminal record, since it is routine procedure for the police to show to the victim of the offense a number of photographs (known as “Rogue’s Gallery ” pictures or “ mug shots ”) of persons with arrest records, and to ask whether the victim recognizes any of such persons as the offender. To be sure, such an inference is accentuated where the defendant fails to take the witness stand.
This is not so with respect to the admissibility of an extrajudicial identification of a composite sketch prepared by the police artist from a description given by the complaining witness and by him identified when the composite was completed, as a likeness of the offender. Certainly, no inference could be drawn that the defendant had a previous record. On the contrary, an inference could be drawn that no picture of the defendant was in the police “ Rogue’s Gallery” since the services of the police artist were required to create a composite sketch of the unknown culprit based on the word description given by the victim. Evidence of such previous identification of a composite sketch would be properly received, not for the purpose of corroborating an identification made at the trial, but, rather, as primary proof of identification. Indeed, the manner in which a composite is prepared eliminates the danger present in other extrajudicial identifications, whether of persons or of photographs, that the person or photograph selected was suggested to the witness by others present at the identification. (People v. Ginardi, 57 N. J. 438.) Not only does the previous identification of the composite *96 tend to connect the defendant with the crime, but the principal danger of admitting hearsay evidence is not present since the identifying witness and the police artist are available at the trial for cross-examination. {People v. Gould, supra.)[1]
With respect to the trial court’s denial of defendant’s motion to reopen the case in order to introduce a picture of the defendant, after both sides had rested and completed summations, it has long been the rule that such an application is addressed to the discretion of the trial court and reviewable only by the Appellate Division, unless it can be said that there has been an abuse of discretion as a matter of law. (Wilke v. People, 53 N. Y. 525; People v. Malkin, 250 N. Y. 155.) The Appellate Division, in affirming the judgment of conviction, considered this point and agreed with the discretion exercised by the trial court. Moreover, the record shows that the People offered to introduce during the trial the picture in question, but that the defendant objected to its introduction at that time. Under such circumstances, it cannot be said, as a matter of law, that the trial court abused its discretion.
In sum, I disagree with the majority’s limitation on admissibility of evidence of previous identification of a composite sketch and would hold the evidence properly admitted.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel and Gibson concur in memorandum; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Bergan concurs.
Judgment reversed and a new trial ordered in a memorandum.

. The Supreme Court considered the admissibility of evidence of prior identification in Gilbert v. California (388 U. S. 263) and observed: “There is a split among the States concerning the admissibility of prior extrajudicial identifications, as independent evidence of identity, both by the witness and third parties present at the prior identification. See 71 ALR 2d 449. It has been held that the prior identification is hearsay, and, when admitted through the testimony of the identifier, is merely a prior consistent statement. The recent trend, however, is to admit the prior identification under the exception that admits as substantive evidence a prior communication by a witness who is available for cross-examination at the trial. See 5 ALR 2d Later Case Service 1225-1228”. (388 U. S., at p. 272, n. 3.)