### PEOPLE v. TURLEY.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. CRIMINAL LAW (§ 1038*)—APPEAL AND ERROR—OBJECTION BELOW—INSTRUCTIONS.

   Where no objection was made to an instruction which treated the indictment as if drawn under Pen. Code, § 282, subd. 2 (now Penal Law [Consol. Laws 1909, c. 40] § 70), declaring it abduction to inveigle an unmarried female of chaste character into a house of ill fame or assignation for purposes of prostitution or sexual intercourse, when in fact it was drawn under subd. 1, declaring it abduction to procure or use such a female under the age of 18 years for such purpose, and the evidence warranted a conviction under either section, such error was not reviewable.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2646; Dec. Dig. § 1038.*]

2. CRIMINAL LAW (§ 863*)—INSTRUCTION AFTER JURY RETIRES.

   Where the jury, after retiring in an abduction case, returned and requested further instruction upon a particular point, the defendant was not entitled as a matter of right to present a request for a further instruction.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2065–2067; Dec. Dig. § 863.*]

3. CRIMINAL LAW (§ 1131*)—APPEAL AND ERROR—REMEDY FOR DELAY.

   The remedy for unreasonable delays in the final disposition of criminal appeals is in the hands of the district attorney; it being his duty, and within his power, to force a hearing by moving under the statute to dismiss the appeal.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2971–2979, 2985; Dec. Dig. § 1131.*]

Appeal from Criminal Term, New York County.

Joseph Turley was convicted of abduction, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alexander A. Mayper, of New York City, for appellant.
Robert S. Johnstone, of New York City, for the People.

SCOTT, J. The defendant was indicted upon three counts, viz., for rape, for assault, and for abduction. The assault charge was withdrawn. The jury found no verdict upon the charge of rape, but convicted the appellant of the crime of abduction.

[1] The indictment was drawn under subdivision 1 of section 282 of the Penal Code (now section 70 of the Penal Law [Consol. Laws 1909, c. 40]), which declares a person to be guilty of abduction who—

"takes, receives, harbors or uses, or causes or procures to be taken, received, employed or harbored or used, a female under the age of eighteen years, for the purpose of prostitution, or, not being her husband, for the purpose of sexual intercourse. * * * "

In his charge to the jury respecting the accusation of abduction, the learned trial justice treated the case as if the indictment had been drawn under subdivision 2 of section 282 of the Penal Code, by which a person is declared to be guilty of the crime of·abduction who—

"inveigles or entices an unmarried female, of previous chaste character, into a house of ill fame or of assignation, or elsewhere for the purpose of prostitution or sexual intercourse."

No objection or exception was taken to the charge in this particular, and the attention of the justice was not called in any way to the form of the indictment or the subdivision of the Penal Code under which the indictment was drawn. It is now urged in behalf of the defendant that his conviction was illegal, in that he was convicted of a crime different from that for which he was indicted.

The charge was undoubtedly erroneous, in that it did not correctly state to the jury the elements of the crime as charged in the indictment; but it appears that both the district attorney and the counsel for the defendant shared in the court's error, and may in fact be held responsible for it by reason of their failure to call the attention of the court to the particular section of the law under which the indictment was found. If either of them had so called the attention of the court, the error would, of course, have been instantly corrected, and the same verdict would no doubt have resulted; for the evidence would have justified a conviction under either the first or second subdivisions of the section defining the crime of abduction, and, indeed, would have well sustained a conviction for the crime of rape as charged in the indictment. As has been said, the counsel for the defendant took no exception to the charge, and made no request to the court to charge differently upon the subject of abduction than it had charged, and while a motion was made to advise the jury to acquit, no exception was taken to the refusal to do so. The point now raised, therefore, as a reason for a reversal, is not presented by any exception, and the defendant is clearly not in a position now to insist as a matter of right that the judgment should be reversed. People v. Huson, 187 N. Y. 97, 79 N. E. 835; People v. Tobin, 176 N. Y. 278, 68 N. E. 359; People v. Jackson, 196 N. Y. 357, 89 N. E.

924; People v. Darragh, 141 App. Div. 408, 126 N. Y. Supp. 522, affirmed 203 N. Y. 527, 96 N. E. 1124.

[2] A second ground upon which we are asked to reverse the judgment is raised by an exception, and arises from the refusal of the court to entertain a request to charge, under the following circumstances: The jury had been fully charged, and had retired to deliberate upon their verdict. After some time they came into court to ask further instructions upon a particular point. They were duly instructed, and the court asked, "Is there anything else?" This question was apparently addressed to the jury, but defendant's counsel interrupted, saying, "Will your honor charge—" when he was stopped by the refusal of the court to charge further, or to entertain further requests to charge. An almost exactly similar situation was presented in People v. Fiorentino, 197 N. Y. 560, 91 N. E. 195. The Court of Appeals held that no error had been committed in this regard saying:

"When a jury has once withdrawn to deliberate upon their verdict, and then return for further instructions, counsel cannot as a matter of right present a request to charge, but the court may allow it as a matter of discretion."

It seems to be quite clear, therefore, that defendant is not in a position to insist as a matter of right that his conviction be reversed. We have examined the evidence with care, and are convinced that no injustice has been done to him, and are therefore bound to affirm the judgment of conviction.

[3] There is one matter suggested by the record to which we feel it our duty to call attention, although it does not concern the legality and propriety of defendant's conviction. There is much well-justified complaint at the present time of the slowness with which the criminal law is enforced, and especially of the great length of time which is frequently permitted to elapse between a conviction and the review of the conviction by the appellate courts. Among persons not conversant with the rules of criminal procedure, the courts are not unnaturally, but most unjustly, charged with a large share of the responsibility for this condition. The blame rests elsewhere. The appellate courts are powerless to act until the appeal is brought before them by those charged with that duty. When the matter is brought up for a hearing, the delay is ended, and the appeal is invariably promptly decided.

The present is a particularly flagrant case. The defendant was convicted in March, 1909, and was almost immediately released on bail pending an appeal, under a certificate of reasonable doubt. The record is not voluminous, and the questions of law involved are neither difficult nor intricate, and yet the defendant has been at large for 3½ years before the appeal is brought on for argument. Of course, under such circumstances, the defendant was quite satisfied, and was in no haste to have his appeal argued. The duty to bring it on promptly rested, as it rests in every case, upon the district attorney, who had it in his power at any time to force a hearing of the appeal, by moving under the statute to dismiss it. This court has never shown itself to be unwilling to support and co-operate with the district attorney in

compelling appeals in criminal cases to be argued with all reasonable promptness. The remedy for unreasonable delays in the final disposition of criminal appeals lies in his hands.

Judgment of conviction affirmed. All concur.