NEW-YORK,
Nov. 1808.

The People
v.
Pettit.

## The People *against* Pettit.

THIS cause came before the court, on the return to a *writ of error*, to the general sessions of the county of *Rensselaer*. The indictment returned against the defendant stated, that the defendant, at, &c. with force of arms, to wit, with knives, hatchets, and tomahawks, in and upon *Elijah Guppin*, of, &c. in the peace of the people, then and there being, did make an assault, *and with intent to commit murder upon the said Elijah*, did then and there cut, beat, strike, wound, and evil treat him the said *Elijah*, and other wrongs to the said *Elijah*, then and there did, to the damage of the said *Elijah*, and against the peace, &c. To this indictment the defendant pleaded not guilty, and was, in *October*, 1807, convicted, and sentenced to three years imprisonment in the state-prison.

The error assigned was, that the indictment was bad, in not setting forth, that the act was done feloniously, wilfully, and of malice aforethought, and in not accurately describing the instruments, &c. or, in other words, that it had not the precision requisite in an indictment for murder, and was nothing more than an indictment for an assault and battery.

Where an indictment stated that the prisoner with force and arms, to wit, with knives, hatchets, &c. made an assault upon E. G. with intent to commit murder upon him, and did then and there, cut, beat, strike, wound, and ill-treat the said E. G. to his damage, &c. and against the peace, &c. it was held, to be sufficient. It is enough to state with the usual precision, the facts necessary to constitute an assault and battery, and aver the intent with which it was made.

*Per Curiam.* The intent to commit murder was here charged in the words of the statute, and we think that was sufficient. The indictment is for an assault and battery, and the *quo animo* was to be collected from the circumstances. It was enough to state, with the usual precision, the facts requisite to constitute an assault and battery, and to aver the intent with which it was made. This intent might have been inferred and proved, from the declarations of the defendant previous to the assault. The indictment required no other *facts* than were necessary to establish an assault and battery. The crime charged was, after all, but a misdemeanor. It was not a felony, though the intent was to commit one.

We are, therefore, of opinion, that the judgment be affirmed.

Judgment affirmed.