*S. P. Oyler* and *D. W. Howe*, for appellants.

*D. D. Banta* and *C. Byfield*, for appellee.

---

## Stuckmyer v. The State.

ATTEMPT TO PROVOKE ASSAULT.—An affidavit for an attempt to provoke an assault and battery charged that the defendant on, &c., at, &c., did, "by words, signs and gestures, attempt to provoke A to commit an assault and battery upon him, said B."

*Held*, that the offense was well charged in the affidavit.

APPEAL from the *Marion* Criminal Circuit Court.

FRAZER, C. J.—This was a prosecution under the act of 1865 (Spec. Ses., p. 165.) It was commenced before the city judge of *Indianapolis*. The only question is as to the sufficiency of the affidavit. It alleged that the appellant did, "on, &c., at, &c., by words, signs and gestures, attempt to provoke *Jacob Riffle* to commit an assault and battery upon him, said *Stuckmyer*."

It is objected, 1, that the words, signs and gestures are not stated or described. 2. That the assault and battery is not formally and legally described. Some authorities are cited as supporting these objections, but they seem to us not to be at all in point, and we do not therefore dwell upon them.

Upon the first question, it seems to be regarded by the books as settled, that when the offense consists in inciting or attempting to incite another to do an act, it is sufficient to aver the fact generally, without specifying the words or describing the acts employed. So are all the precedents. Arch. Crim. Pl. 681; Whart. Prec. 599, et seq.; Davis Prec. 219; Com. v. Feely, 2 Va. Cases 1.

The second objection appears to be equally without support. The point has been expressly ruled the other way. People v. Pettit, 3 Johns. 511.

The judgment is affirmed, with costs.

E. W. Kimball, for appellant.

D. E. Williamson, Attorney General, for the State.