### STATE OF VERMONT v. JOHN DALEY.

*Indictment.  Criminal Law.  Intent.  Reasonable Doubt.*

An indictment, under section 18 chapter 112 of the General Statutes, charging an assault with the "wicked, wilful and malicious intent to kill and slay," and in other respects in the language of the statute, but not alleging that it was with felonious intent, *held* sufficient.

The crime as charged not being a common law but statute offense, it is sufficient to charge it substantially in the language of the statute.

The wicked and wilful intent to kill is an essential element of the offense, and there must be a concurrence of both the act and intent to warrant a conviction. This must be found beyond a reasonable doubt.  *Held* not to be error for the court to refuse to charge that it must be proved beyond the "possibility of a doubt."

This was a trial upon an indictment containing three counts: the first, charging an assault upon one John Moss, with intent to kill; the second, a common assault and battery; and the third, charging a breach of the peace.

The first count is as follows:

"Be it remembered, etc., the grand jurors, etc., upon their oath, present that John Daley, of St. Albans, on the 1st day of September, A. D. 1868, at said St. Albans, with force and arms upon one John Moss, in the peace of God and this state, then and there being, did an assault make, and him, the said John Moss, then and there did beat, wound and cut with a knife by striking him, the said John Moss, in the belly, two blows with said knife, with the wicked, willful and malicious intent, him, the said John Moss, then and there to kill and slay, contrary to the form," etc.

Plea, not guilty.  Trial by jury, September term, 1868, WILSON, J., presiding.

The respondent requested the court to charge the jury:

"That they could not find him guilty of anything beyond a simple assault under the first count, because the allegations therein contained are insufficient in law to charge the respondent with an assault with intent to commit any crime known either to the common law or the law of the state of Vermont."

Second.  "That the *corpus delicti*, under the first count, is the intention of the respondent to kill and slay John Moss, and that the jury must find this intention to kill beyond the possibility of a doubt."

The court declined to charge the jury as above requested, but did, among other things to which no exception was taken, charge them as follows:

" The first count in the indictment is under section 18 of chapter 112 of the General Statutes, which section provides that if any person shall assault another, with intent to kill, he shall be punished by imprisonment in the state prison for a term not exceeding ten years, and be fined not exceeding one thousand dollars. That count charges an assault with intent to kill, and the *intent* with which the assault is alleged to have been made is essential to constitute an offense under that section of the statute; that in order to justify a conviction of the respondent of an assault with intent to kill Moss, the *intent* to kill must be proved beyond a *reasonable doubt;* that, if the jury find and are satisfied beyond a reasonable doubt, that the respondent unlawfully and wilfully did assault and stab the said Moss, with intent to kill said Moss, then the jury will be justified in finding the respondent guilty of an assault with intent to kill. But if the jury are not satisfied beyond reasonable doubt, that the respondent assaulted Moss, with intent to kill him, they will not convict the respondent of the offense charged in the first count in the indictment; that, if the jury are satisfied beyond reasonable doubt, that the respondent assaulted Moss, but do not find that the assault was made with intent to kill, then the jury can return a verdict that the respondent is guilty of a simple assault."

The court called the attention of the jury to the testimony bearing upon the intent with which the assault was committed, and gave the jury such instructions in relation thereto as the case called for, to which the respondent did not except. To the omission of the court to charge as above requested, and to the charge above detailed, the respondent excepted.

The jury returned a verdict of an assault with intent to kill.

*Davis, Hill & Safford*, for the respondent.

*Willard Farrington*, state's attorney, for the state.

The opinion of the court was delivered by

PROUT, J. The first count of the indictment, which is the only one in question, charges the respondent with having committed an assault and battery upon one John Moss with intent to kill, and,

as the exceptions show, is based on section 18 of chapter 112 of the General Statutes. The objection made by counsel to it is, that the conviction of the respondent can not be sustained, as it is not alleged in this count of the indictment that the intent of the respondent, giving the act charged its criminal aspect and quality, was unlawful and felonious. The allegation of the indictment is, that the assault, etc., was committed with the "wicked, willful and malicious intent to kill and slay." The crime as charged, and of which the jury have found the respondent guilty, is not a common law but a statute offense. That (General Statutes *ubi supra*) embraces and enumerates all the elements constituting the crime the legislature had in view, and it does not make the technical allegation, claimed to be material, at all essential. The statute then not providing for the punishment of a common law offense by its legal or common law designation, but creating and defining it, the indictment is sufficient, as it charges the commission of the criminal act substantially in the language of it. This was so held in *Tully* v. *Commonwealth*, 4 Met., 357. In that case the question was before the court, and was held to stand upon this distinction : " When the statute punishes an offense by its legal designation, without enumerating the acts which constitute it, then it is necessary in an indictment to use the terms which technically charge the offense named at common law. * * * But this is not necessary where the statute describes the whole offense, and the indictment charges the crime in the words of the statute." In *State* v. *Cooke*, 38 Vt., 437, this distinction is recognized, STEELE, J., remarking, " the indictment charges the offense in the words by which the statute creates and describes the offense. The general and recognized rule, both in England and this country, and a late Vermont case, *State* v. *Jones*, 33 Vt., 443, requires no more." The same principle is held in *People* v. *Pettit*, 3 Johns., 511. These authorities are conclusive, and the count in question charging the offense to have been committed with the willful and malicious intent to kill, and in other respects, in the language of the statute, it is sufficient.

The respondent also insists that the charge of the court to the jury was erroneous, in respect to the question of the respondent's

intention, insisting that the intent to kill should have been " specifically proved," and, as indicated in his request to the court, beyond the " possibility of a doubt." It is true a willful and malicious intent to kill is an essential element of the offense, and so is the assault. There must be a concurrence of both the act and intent to warrant a conviction, and this must be found by the jury upon the rule of proof applicable to a criminal case, but the degree of evidence as applied to both is the same, which is that degree of proof which satisfies the jury of the essential facts, beyond a reasonable doubt. It was upon this rule that the court put these questions to the jury, and, as we hold, correctly. For these reasons, the respondent's exceptions are overruled.