PATRICK SLATTERLY, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Where, upon the trial of an indictment, the instructions of the court to the jury as to the offence charged are unexceptionable and cover every element of the crime, and correct rules are laid down for the proper application of the evidence, it is not strictly the right of the prisoner to ask instructions upon a hypothetical case based upon other facts.

On the trial of an indictment for an assault with intent to kill, the court charged, that it was indispensable to a conviction of the principal offence to find that the prisoner intended to kill the prosecutor, and gave detailed instructions as to the rules of evidence applicable, to which there were no exceptions; the court was requested by the prisoner's counsel to charge, that before they could convict of an assault with intent to kill, they must be satisfied upon the evidence, that had death ensued, the prisoner would be guilty of murder in the second degree. The court refused so to charge. *Held,* no error; that the prisoner was not legally entitled to a charge upon the subject ; and that the charge sought for would have been improper as it excluded the hypothesis of murder in the first degree.

*It seems,* that, in order to convict of the offence charged, the evidence must be such, that if death had ensued the prisoner would have been guilty, at least, of murder in the second degree.

*Rumsey* v. *The People* (19 N. Y., 41) and *The People* v. *Shaw* (1 Park., 327) limited.

The prisoner's counsel requested the court to charge, that under the indictment the prisoner could not be convicted of an assault with a sharp dangerous weapon with intent to do bodily harm. This was conceded by the district attorney, and it did not appear that the court made any ruling upon the subject. *Held,* that the proposition as matter of law was erroneous (chap. 74, Laws of 1854), but the error was not available here, because : 1st. It was the request of the prisoner's counsel. 2d. The court made no ruling upon it. 3d. There was no exception. 4th. As matter of fact, considering the character of the weapon used, it might have been assumed that the facts would not have justified a conviction for such an offence.

A legal defect in the evidence upon a criminal trial, such as to constitute a question of law, is not available here without an exception.

(Submitted June 19, 1874; decided September 22, 1874.)

ERROR to the General Term of the Supreme Court in the first judicial department to review judgment affirming a judgment of the Court of General Sessions of the Peace in and

for the county of New York, entered upon a verdict convicting the plaintiff in error of the crime of assault with intent to kill. (Reported below, 1 Hun, 311; 3 N. Y. S. C. R. [T. & C.], 669.)

The evidence on the part of the prosecution tended to show that the prisoner, who at the time was a policeman, while in a state of intoxication assaulted the prosecutor upon the street without cause or provocation and savagely beat him with his club. The further facts pertinent to the questions discussed appear in the opinion.

*William F. Kintzing* for the plaintiff in error. The charge that the jury could not convict of assault with intent to do bodily harm was error. (Laws of 1854, § 2, chap. 74; *Keefe* v. *The People*, 40 N. Y., 348.) Where an indispensable element constituting a crime is wanting the court will reverse although there be no exception. (*McCann* v. *People*, 6 Park. Cr., 629.) The trial court should have charged that, upon the facts, the jury could not convict of assault with intent to kill. (*People* v. *Bennett*, 49 N. Y., 137.) The jury on this indictment were to be governed by the same principles as on an indictment for murder. (*State* v. *Neal*, 3 Md., 469; *State* v. *Anderson*, 2 Tenn., 6.) The jury must be satisfied that if death had ensued the prisoner could have been convicted of murder. (2 Whart. Am. Cr. L. [6th ed.], 1279; *People* v. *Vinegar*, 2 Park., 24; *State* v. *Negro Bill*, 3 Harr., 597; *Morgan* v. *The State*, 13 S. & M., 242; *King* v. *The State*, 21 Ga., 220; *State* v. *Johnson*, 3 Harr., 571; *Morgan* v. *State*, 24 Miss., 54.)

*Benj. K. Phelps* for defendant in error. The jury having been instructed upon the law in accordance with the express request of the prisoner he cannot complain if erroneous. (*Thompson* v. *The People*, 41 N. Y., 1; *Keefe* v. *The People*, 40 id., 348; *Wilke* v. *The People*, 53 id., 525; *Proestler* v. *Kuhn*, 49 id., 654.) The instruction asked for and conceded was correct. (*Dawson* v. *The People*, 25 N. Y., 39; *Dedien* v. *The People*, 22 id., 178.) The request to charge that the

jury must be satisfied if death had ensued that the prisoner would be guilty of murder in the second degree was properly refused. (*Rumsey* v. *The People*, 19 N. Y., 41–44; *The People* v. *Shaw*, 1 Park. Cr., 327.)

CHURCH, Ch. J.    At the close of the trial, the counsel for the prisoner requested the court to charge that the prisoner could not be convicted, under the indictment, for an assault with a sharp dangerous weapon, with intent to do bodily harm.    This was conceded by the district attorney.    It does not appear that the court made any ruling on the point.    The proposition was suggested in behalf of the prisoner and assented to on behalf of the people.    It was erroneous as a legal question, as the statute provides that, under an indictment for an assault with intent to kill, a conviction may be had for the other offence specified in the request.    (Laws of 1854, chap. 74.)    But the error is not available here for three reasons :    1st. It was the request of the prisoner's counsel. 2d. The court made no ruling upon it.    3d. There was no exception.    (53 N. Y., 525.)    It may have been and probably was assumed that the facts did not justify a conviction for that offence on account of the character of the instrument. The counsel for the prisoner also requested the court to charge the jury that, before they could convict the prisoner of an assault with intent to kill, they must be satisfied upon the evidence that, had death ensued, the prisoner would be guilty of murder in the second degree.    This was refused and an exception taken.    It is claimed that the learned judge intended by this refusal to instruct the jury that the intent to kill, necessary to be established to justify a conviction under this indictment, might be something less criminal or different than would be necessary to convict of murder in the second degree if death had ensued.    This does not follow.    No reason is given for refusing the request, and if any existed which would justify it, error cannot be alleged.    The crime charged was an assault with intent to kill, and in the charge the judge distinctly told the jury that it was indispensable to a convic-

tion of the principal offence to find that the prisoner intended to kill the prosecutor, and gave the jury detailed instructions as to the rules of evidence applicable to the offence.   There was no exception to any part of the charge, and it must be assumed that the jury found the necessary intent.   When the instructions of the court are unexceptionable as to the offence charged and for which the prisoner is on trial, and such instructions cover every element of the crime, and correct rules for the proper application of the evidence, it is not strictly the right of a prisoner to ask instructions upon a hypothetical case, based upon other facts.   It may be conceded that in order to convict upon this indictment, if death had ensued, the prisoner should have been convicted at least of murder in the second degree, but all that the prisoner can legally ask is, that the court shall correctly charge the jury as to the crime for which he is being tried.   They were properly instructed as to that and they could not have been misled. It was, however, held in 19 New York, 41, that such a refusal to charge was not error upon the merits; and in *The People* v. *Shaw* (1 Park., 327), WALWORTH, circuit judge, is reported as charging that the prisoner should be convicted if the assault was committed under such circumstances that, had death ensued, the offence would have been either murder or manslaughter in any of the various degrees; but this was qualified by the additional paragraph that the prisoner could not be convicted on the main charge if he had no intent to kill, or if he did the act under the belief that it was necessary in self-defence, and it is said that the proceedings were affirmed by the Supreme Court.   The intent to kill is the distinguishing element of the offence, while every degree of manslaughter and every description of that crime in the statute, except one, is based upon an absence of an intent to kill, and how this crime can be established by proving an assault under such circumstances, that, had the killing taken place, it would have been only one of the degrees of manslaughter, which is based upon the absence of an intent to kill, is manifestly incongruous.   It may be that in neither case did the court intend to

go to that extent. Another ground for the refusal is, that the request required the jury to be instructed that in order to convict they must specifically find that the prisoner would have been guilty of murder in the second degree, if death had ensued, thus excluding the hypothesis of murder in the first degree, and implying that in such an event the prisoner could not have been convicted. This was clearly improper.

We have no power to review the facts. There is no such legal defect in the evidence as to constitute a question of law; if there was, it would not be available here without an exception.

The judgment must be affirmed.

All concur.

Judgment affirmed.