THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
WILLIAM HUSON, Respondent.

APPEAL — QUESTIONS OF LAW IN CRIMINAL CASES RAISED ONLY BY
EXCEPTIONS.   The fact that the Appellate Division certifies that a judg-
ment of a County Court convicting the defendant of the crime of assault
in the first degree, under an indictment for manslaughter in the first
degree, was reversed " upon questions of law only," for the reason indi-
cated in its opinion that the facts did not constitute the crime for which
a conviction was had, does not enable the Court of Appeals to pass upon
the question, in the absence of any exception taken upon the trial raising
it; no court can create an error of law by certifying that there is one, and
a question of law in a criminal case can be raised only by an exception;
the Appellate Division itself had no power to pass upon the question
and its order must be reversed and the judgment of conviction affirmed.

*People* v. *Huson*, 114 App. Div. 693, reversed.

(Argued December 6, 1906; decided January 8, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 12, 1906, which reversed a judgment of the Cayuga County Court rendered upon a verdict convicting the defendant of the crime of assault in the first degree and granted a new trial.

The facts, so far as material, are stated in the opinion.

*Robert J. Burritt, District Attorney (Albert H. Clarke* of counsel), for appellant.

*Amasa J. Parker* and *Frank M. Leary* for respondent.

VANN, J. The defendant was indicted for the crime of manslaughter in the first degree, which is taking human life without a design to effect death, but was convicted of assault in the first degree, which is an assault made with intent to effect death, or to commit a felony upon person or property. (Penal Code, §§ 189, 217.)  The Code of Criminal Procedure provides that "upon a trial for murder or manslaughter, if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence." (Code Cr. Pr. § 444; L. 1900, ch. 625.)

The evidence warranted the jury in finding that on the 9th of January, 1905, the defendant with intent to kill, struck one Dernberg on the head twice with a flatiron and that on the 25th of the same month said Dernberg died from the wounds thus inflicted.  They could also have found, however, that he would not have died from the effect of such wounds had he not constantly violated the orders of his physician.  There was no evidence to warrant a finding that the assault was made with intent to commit a felony upon person or property.

The Appellate Division reversed the judgment of the County Court, but by its amended order the reversal is certified to have been made "upon questions of law only, the facts having been examined and no error found therein."  The

opinion indicates that it reversed because manslaughter nega-
tives the idea of an intent to kill, while it is an essential element
in the crime of assault in the first degree.   That was a question
of law, but it was not raised by any exception.   No court can
create an error of law by certifying that there is one, and a
question of law in a criminal case prosecuted by indictment can
be raised only by an exception.   The Appellate Division could
have reversed because the verdict was against the weight of evi-
dence, but they did not and we cannot.   There is no exception
in the record to justify the reversal.   Those relating to the evi-
dence and the charge raise no reversible error.   There was
no motion made at the close of the evidence that the court
should advise an acquittal, or that the defendant should be
discharged.   There was no exception to the charge that the
jury could convict of assault in the first degree and no request
made to charge upon that subject.   When the case was sub-
mitted to the jury, therefore, the defendant was ·in the atti-
tude of consenting that they might pass upon the evidence
and also of acquiescing in the charge that they could convict of
assault in the first degree, notwithstanding the indictment was
for manslaughter in the first degree.

There was a motion for a new trial but the order denying
it brings up nothing for us to review.   There was a motion
for an arrest of judgment, but that brought up only the juris-
diction of the court over the subject of the indictment, which
is not disputed, and the question whether the facts stated con-
stitute a crime, meaning, of course, the facts stated in the
indictment.   (*People* v. *Meakim*, 133 N. Y. 214, 219;   Code
Cr. Pro. §§ 323, 331, 467.)   It is not claimed that the facts
stated in the indictment do not constitute a crime, although it
is strenuously insisted, as the Appellate Division held, that
they do not constitute the crime for which the defendant was
convicted.   However, when the court charged the jury that
they could convict him of an assault in the first degree, not-
withstanding the indictment was for manslaughter in the first
degree, the defendant made no objection and took no excep-
tion.   He acquiesced in that instruction and was apparently

satisfied with it.   If the trial judge had been asked to charge
in accordance with the present contention of the defendant,
and he had refused, an exception to the ruling would have
brought up the question upon appeal.   The defendant, how-
ever, refrained from so doing, perhaps because he thought
that portion of the charge upon which he seeks to overturn
the judgment was favorable to him, inasmuch as manslaughter
in the first degree " is punishable by imprisonment not exceed-
ing twenty years," while assault in the first degree " is punish-
able by imprisonment for a term not exceeding ten years."
(Penal Code, §§ 192, 220.)   The sentence of the defendant
was imprisonment for one year and eight months, which, in
view of the evidence, does not impress us as severe.   In no
way did the defendant call the attention of the trial court to
the position he now takes, or try to procure a ruling which
would permit us to consider it.   The power given us to reverse
in a capital case without an exception, under certain circum-
stances, is withheld in all others.   (*People* v. *Grossman*, 168
N. Y. 47; Code Cr. Pro. §§ 527, 528.)

We have no power to pass upon the question of law which
led the Appellate Division to reverse, because it was not raised
by an exception.   That learned court was in the same situa-
tion with reference to that question, although it had ample
power with reference to other questions not open to us.   We
are thus compelled to reverse their determination because they
had no power to make it.

The order appealed from should be reversed and the judg-
ment of conviction affirmed.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT,
WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.