# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## December 29, 1919.

## THE PEOPLE v. JOHN SANTORO.

### (190 App. Div. 56.)

CONVICTION FOR ASSAULT ON PROSECUTION FOR MANSLAUGHTER—INJURY TO ANOTHER BY PISTOL SHOT—ISSUE AS TO PROXIMATE CAUSE OF DEATH—CHARGE.

Appeal from a judgment convicting the· defendant of the crime of assault in the first decree after trial of an indictment for manslaughter. Evidence *held* sufficient to justify a conviction.

Where the defendant deliberately fired two revolver shots into the body of the decedent, which took effect in the lungs in the vicinity of the heart, but there was a question as to whether the person shot would have died if he had obeyed the direction of his physician so that there was a conflict as to the proximate cause of death, it was proper for the court to charge that the jury might convict the defendant of assault in the first degree, for section 444 of the Code of Criminal Procedure expressly provides that upon a trial for murder or manslaughter if the act complained of is not proven to be the cause of death the defendant may be convicted of assault in any degree.

APPEAL by the defendant, John Santoro, from a judgment of the County Court of Montgomery county, rendered against him on the 29th day of June, 1919, convicting· him of the crime of assault in the first degree upon the trial of an indictment for manslaughter, and also from an order entered in the office of the clerk of said county on the 7th day of July, 1919, denying defendant's motion for a new trial.

*Christopher J. Heffernan,* for the appellant.

*Newton J. Herrick,* for the respondent.

WOODWARD, J.:

The defendant was charged with the crime of manslaughter in that on or about the 11th day of November, 1918, at the city of Amsterdam, he " did with force of arms in and upon one Felix Wrzeszenski then and there being, feloniously, wilfully, unlawfully and wrongfully, but without design to effect the death of said Felix Wrzeszenski fire off, shoot, explode and discharge said pistol or revolver at, towards and against the said Feliz Wrzeszenski, and did thereby wound, injure and penetrate the body of said Feliz Wrzeszenski, * * * and did thereby inflict upon the body of the said Feliz Wrzeszenski mortal wound or wounds, lacerations and penetrations the said Feliz Wrzeszenski soon thereafter died, against the form of the statute in such case made and provided."

Upon the trial evidence was deduced from which the jury might have found the defendant guilty as charged. After being out for several hours the jury reported that they were unable to agree, but the court asked if they might not be able to agree, and at the request of the jury they were further charged in reference to assault in the various degrees. Later the jury returned a verdict of assault in the first degree; and a certificate of reasonable doubt having been issued, the defendant appeals to this court and urges that the verdict is contrary to the weight of evidence, and that the court erred in its charge to the jury.

We are clearly of the opinion that there is ample evidence to sustain a verdict of guilty under the indictment; that the jury in the consideration of the evidence might properly have found that the defendant was guilty of manslaughter. The question is, therefore, whether the court erred in charging the jury that they might, upon the same evidence, find the lesser crime of assault in the first degree. There is no dispute that the defendant fired two shots at Wrzeszenski, which took effect in his lungs in the immediate vicinity of the heart, and that, as a result of such wounds, complicated perhaps by the decedent's

failure to obey the instructions of his physician, death resulted some ten days after the shooting.

The criticism of the charge is that under the provisions of section 1050 of the Penal Law it is necessary that the killing should be accomplished " without a design to effect death." While under the provisions of section 240 of the same act an assault in the first degree must involve the intent to kill a human being. But the criticism, as offered by the appellant, excludes an important element. Section 240 of the Penal Law provides that " A person who, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another: 1. Assaults another with a loaded fire arm, or any other deadly weapon, or by any other means or force likely to produce death; * * * is guilty of assault in the first degree," and assault in the first degree is punishable by imprisonment for not to exceed ten years. (Penal Law, section 241.) It can hardly be doubted that the firing of a loaded fire arm, such as is involved in this case, at the person of another constitutes a felony, and the rule is that persons are presumed to intend the natural results of their own acts. " The fact " say the court in Thomas v. People (67 N. Y. 218, 225), " that the prisoner plunged this pointed knife into what he knew to be a vital part of the body must raise a presumption that he intended to take life. Its natural result would be to destroy life, and he must be presumed to have intended the natural consequence of his act just as if he had aimed at the heart of the deceased and fired a gun." The intentional firing of a gun or pistol at a human being, though such firing may be without intent to kill, is still a felony, and if we assume that the victim would have lived except for his own disregard of the physician's instructions (People v. Huson, 187 N. Y. 97, 98), the case would seem to be strictly within section 444 of the Code of Criminal Procedure, which provides that " upon a trial for murder or manslaughter, if the act complained of is not proved to be the cause of death, the defendant

may be convicted of assault in any degree." (People v. Huson, 187 N. Y. 97, 98.) If the evidence in the instant case had been such that the jury found that the proximate cause of the death was the shots fired by the defendant, then it would have been its duty to have held him guilty of manslaughter. But there was a conflict as to the proximate cause of death, one physician testifying that if the decedent had conformed to his instructions he would probably have lived. This was sufficient to justify a reasonable doubt as to the guilt of the defendant of the crime of manslaughter, but the fact of the felonious assault was established beyond question. The defendant did shoot twice at his victim, and these shots both took effect in the immediate locality of the heart. That this shooting, if it had not been followed by death, would constitute a felony there can be no doubt, and the defendant would have been guilty of an assault in the first degree. The Code of Criminal Procedure, contemplating just such a situation, has provided that upon a trial for manslaughter, " if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence; and surely the defendant who might have been convicted of manslaughter has little to complain of because the jury has given him the benefit of the doubt and held, in effect, that the proof did not show that these two shots in a vital part of his victim's body were the proximate cause of the death.

Examining the case of People v. Huson (114 App. Div. 693, 20 N. Y. Crim. 336) in the light of the opinion of the court in reversing the judgment (People v. Huson, 187 N. Y. 97), we are of the opinion that the plain and obvious intent of the Legislature was to provide for the situation which has here arisen. There was a failure to establish that the shots were the proximate cause of the death, though this would seem to be the necessary result, and the statute provides in such a case that the jury may find the prisoner guilty of a lesser crime

involving all of the essential elements of the crime charged, except the death resulting from the act as the proximate cause.

The judgment appealed from should be affirmed.

Judgment of conviction unanimously affirmed.

## NOTE ON MANSLAUGHTER IN FIRST DEGREE.
### PENAL LAW, § 1050.

*Design.*—Manslaughter is distinguished from murder by the absence of a design to kill. (People v. Beckwith, 103 N. Y. 360, 5 N. Y. Crim. 322; People v. Clark.)

Where one is so far intoxicated as to be incapable of forming an intent to kill, but does kill in a cruel and unusual manner as by kicking him or her to death. falls within this section.

It is not necessary for the people to show that there was no design to cause death. which is merely a matter of defense reduces the grade to homicide. (People v. Sullivan, 173 N. Y. 122, 17 N. Y. Crim. 180.)

When charge is manslaughter in the first decree cannot be convicted of assault where the act complained of caused death. (People v. Wheeler, 79 App. Div. 396, 17 N. Y. Crim. 205; People v. De Garmo, 73 App. Div. 46, 16 N. Y. Crim. 531, revd. 18 N. Y. Crim. 430. See People v. Huson, 187 N. Y. 97; People v. Mullon, 116 App. Div. 425. Indictment under this section was held good in People v. Maine, 51 App. Div. 142, 15 N. Y. Crim. 57, revd. for error in admitting evidence, 166 N. Y. 50. Conviction was reversed as to condition of evidence in People v. Van Gaasbeck, 189 N. Y. 408, 21 N. Y. Crim. 460.

Criminal intent is not an element of an offense set forth in section 1 (People v. Diamond, 95 Misc. 114, 34 N. Y. Crim. 406), but there must be an intent to do an unlawful act. (11 N. Y. Crim. 391.)

In People v. Rector, 19 Wend. 569; People v. Butler, 3 Parker Crim. 377, it was held that an assault or other intentional violence amounting to a misdemeanor against the person killed without design, was not such a misdemeanor as is meant by subdivision 1, but in Buel v. People, 78 N. Y. 492, this doctrine was repudiated. That case has been followed in later cases.

One who kills another while driving an automobile at such a rate of speed as to constitute misdemeanor, such violence contributes to homicide