## COURT OF APPEALS.

### July 7, 1920.

## THE PEOPLE v. JOHN SANTORO.

### (229 N. Y. 277.)

(1) ASSAULT IN FIRST DEGREE—NOT CONSTITUTED BY ALLEGED ACTS CONSTITUTING MANSLAUGHTER IN FIRST DEGREE.

One crime is not constituted by the alleged acts which constitute another crime, or the one crime is not a lower degree of another crime, unless the latter crime necessarily includes the ingredients of the former crime. The crime of assault in the first degree is not constituted by the alleged acts constituting the crime of manslaughter in the first degree, because the act of manslaughter in that degree and the evidence proving the commission of the act do not necessarily, and in fact could not, prove the act of assault in the first degree.

(2) SAME—ERRONEOUS ON TRIAL OF MANSLAUGHTER IN FIRST DEGREE TO REFUSE TO CHARGE THAT DEFENDANT CANNOT BE FOUND GUILTY OF ASSAULT IN FIRST DEGREE.

Upon the trial of an indictment accusing the defendant of the crime of manslaughter in the first degree, a refusal to charge "that the defendant cannot be found guilty of assault in the first degree" is erroneous. It is an essential element of the crime of manslaughter in the first degree that the assault on the deceased was "committed without a design to effect death." (Penal Law, § 1050.) Under the indictment, evidence and charge the defendant was convicted of assaulting deceased with a loaded firearm, with an intent to kill him. To accuse by indictment a

person of and try him for the crime of assault without a design to effect the death of the person assaulted and to convict him of the crime of assault with an intent to effect the death of that person is contrary to and destructive of the fundamental rules of our law and principles of justice and fairness. The specifications "without a design to effect death" and "with an intent to kill a human being" are direct contradictions.

(3) SAME—PENAL LAW, § 1050—TO SUPPORT CONVICTION THE SPECIFIC INTENT TO KILL A HUMAN BEING MUST BE PLEADED AND PROVED.

Nor is the refusal justified by the provision of section 444 of the Code of Criminal Procedure that "upon a trial for murder or manslaughter, if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence." The indictment is the pleading on the part of the People and to convict an accused person of a crime not included in the specifications of the accusation and not proven within the evidence produced at the trial is unjust and unreasonable. To support a conviction for assault in the first degree the specific intent to kill a human being must be pleaded and proved. Nothing should be assumed and nothing can be taken by intendment in a criminal charge of such a nature.

People v. Santoro, 190 App. Div. 56, reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Third Judicial Department, entered January 13, 1920, which affirmed a judgment of the Montgomery County Court rendered upon a verdict convicting the defendant of the crime of assault in the first degree.

The facts, so far as material, are stated in the opinion.

*Christopher J. Heffernan,* for appellant. Under the indictment for manslaughter in the first degree the appellant cannot be convicted of the crime of assault in the first degree. (People v. Huson, 187 N. Y. 97; People v. Brown, 123 N. E. Rep. 515; Posey v. State, 95 S. E. Rep. 325; State v. Albutt, 99 Wash. 253; State v. Lichter, 102 App. Div. 529; People v. Hüter, 184 N. Y. 237; People v. Spohr, 206 N. Y. 516; People v. Marwig, 227 N. Y. 382; People v. Sweeney, 41 Hun, 332.)

*Newton J. Herrick,* for respondent.    Upon a trial for man-
slaughter, if the act complained of is not proven to be the
cause of death, there may be a conviction of assault in any
degree, warranted by the evidence.    (Code Civ. Proc., § 444;
People v. Wheeler, 79 App. Div. 396; People v. Cox, 67 App.
Div. 344; People v. De Garmo, 73 App. Div. 54.)

COLLIN, J.:

The defendant was tried upon the indictment accusing him
of the crime of manslaughter in the first degree in causing the
death of Felix Wrzeszenski feloniously, " but without a design
to effect the death of said " deceased, in an assault by means of
a loaded pistol discharged at, " but without a design to effect
the death of said Felix Wrzeszenski."    The evidence proved
that in an altercation between the defendant and Wrzeszenski
the former, after being seriously wounded by, shot the latter,
who died about ten days afterward.    Whether or not the shoot-
ing was the cause of the death was in dispute at the trial.    The
jury rendered the verdict finding the defendant guilty of
assault in the first degree and the consequent judgment (a cer-
tificate of reasonable doubt having been granted) was affirmed
by the Appellate Division.    We decide that the judgment of
conviction was erroneous, because of errors connected with the
charge of the trial judge to the jury.    The main charge stated,
in statutory language, the constituents of manslaughter in the
two degrees defined by the Penal Law (sections 1050, 1052).
It stated, in statutory language, further, the elements of each
of the three various degrees of assault as defined by the Penal
Law (sections 240, 242, 244), and, further: " If, however, you
find as a fact that the defendant shot deceased and that the
deceased did not die by reason of these wounds, that is, if the
wounds were not the proximate cause of death of decedent, you
have the right to bring in a verdict of assault in any of the
various degrees."    The jury several hours after retiring
reported that they were unable to agree, and after admonition

by the court asked for instructions as to punishment for assault in the first degree. In response the trial judge restated the elements constituting that offense and the measure of punishment. The defendant's counsel then requested the court to charge " that the defendant cannot be found guilty of assault in the first degree." The court refused the request and the defendant duly excepted. The refusal constituted the error.

It is an essential element of the crime of manslaughter in the first degree that the assault on the deceased was " committed without a design to effect death." The indictment of the defendant expressly, with repetition, alleged that the assault was " without a design to effect the death " of said deceased; the statute expressly makes that element essential to the existence of the crime. (Penal Law, § 1050.) It is an essential element of the crime of assault in the first degree that the assault be committed " with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another." (Penal Law, § 240.) The entire of the section is : " A person who, with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another : 1. Assaults another with a loaded firearm, or any other deadly weapon, or by any other means or force likely to produce death; or 2. Administers to or causes to be administered to or taken by another, poison, or any other destructive or noxious thing, so as to endanger the life of such other, is guilty of assault in the first degree." The commission of " a felony upon the person or property of the one assaulted, or of another " is not established by proof of an assault, with an intent to kill a human being, with a loaded firearm, or any other deadly weapon. The statute enacts that a specified assault with intent to kill is one combination of acts which constitutes the crime, and that a specified assault springing from or incidental to an intent to commit a felony upon the person or property of the one assaulted, or of another, is another combination of acts which constitutes the crime. In the first

combination the assault for the purpose of killing is intended, in the other the commission of the acts constituting a felony is intended, the assault is not intended, is incidental and may or may not be for the purpose of killing. (Foster v. People, 50 N. Y. 598; Buel v. People, 78 N. Y. 492; People v. Hüter, 184 N. Y. 237, 20 N. Y. Crim. 36; People v. Spohr, 206 N. Y. 516.) Under the indictment, evidence and charge it is manifest that the defendant was convicted of assaulting Wrzeszenski with a loaded firearm, with an intent to kill him. It would seem equally manifest that to accuse by indictment a person of and try him for the crime of assault without a design to effect the death of the person assaulted and to convict him of the crime of assault with an intent to effect the death of that person was not only contrary to but destructive of fundamental rules of our law and principles of justice and fairness. The specifications " without a design to effect death " and " with an intent to kill a human being " are direct contradictions. (Cupps v. State, 120 Wis. 504.)

The People invoke in support of the conviction the statute (Code of Criminal Procedure, § 444) : " Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime. Upon a trial for murder or manslaughter, if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence. A conviction upon a charge of assault is not a bar to a subsequent prosecution for manslaughter or murder, if the person assaulted dies after the conviction, in case death results from the injury caused by the assault." It is always presumed, in regard to a statute, that no unjust or unreasonable effect was intended by the Legislature. The statute, unless the language forbids, must be given an interpretation and application consonant with the presumption. (Matter of Meyer, 209 N. Y. 386.)    To

convict an accused person of a crime not included in the specifications of the accusation and not proven within the evidence produced at the trial is unjust and unreasonable.   The indictment is the pleading on the part of the People.   (Code of Crim. Proc., § 274.)   It must contain a plain and concise statement of the act constituting the crime charged by the People (section 275), averred with specifications sufficient to inform the accused person of the nature of the accusation, enable him to prepare his defense and constitute the record of his trial a bar to a second prosecution for the same crime. (Sections 278, 279, 284.)   In an accusation of manslaughter in the first degree, as we have stated, the absence of a design to effect death is an essential ingredient of the crime and the indictment in the case at bar properly averred its existence. Under the statute, as at common law, manslaughter is the unlawful killing of another without malice or intent.   In an accusation of the crime of assault in the first degree the presence of an intent to kill a human being is an essential ingredient of the crime and must be averred in the indictment.   The intent is the essence or gist of the offense, which is saved from that of murder by the fact that the assault did not cause death. To support a conviction the specific intent to kill a human being must be pleaded and proved by the People as pleaded, and found by the jury.   Nothing should be assumed and nothing can be taken by intendment in a criminal charge of such a nature.   (State v. Taylor, 70 Vt. 1; People v. Enoch, 13 Wend. 159; People v. Connors, 253 Ill. 266; People v. Pettit, 3 Johns. 511; Slatterly v. People, 58 N. Y. 354; People v. Sullivan, 4 N. Y. Crim. Rep. 193; Chrisman v. State, 54 Ark. 283; State of Iowa v. Hoot, 120 Iowa, 238.)   When a particular or specified intent is essential to and is the gist of the offense it is necessary to allege the intent with distinctness and precision and to support the allegation by proof.   In the present case the People not only did not allege the intent essential to and which is the gist of the crime of assault in the first degree,

but they did allege acts constituting its direct contradiction and negation.    The statute itself forbids the argument that the loaded pistol and the shooting constitute the allegation of the intent to kill.    It enacts that the intent to kill must exist as a fact.    The intent may not be the natural and necessary consequence of the act done, from which the law would infer that it was committed with that intent.    The People, under elemental rules of evidence, had not the right and did not seek or attempt to prove or claim proof of the existence of the intent.

The act stated in the indictment and warranted and proven by the evidence did not constitute the crime of assault in the first degree; the crime of assault in the first degree, as a matter of law, is not included in or a lower degree of that of manslaughter in the first degree.    We have had occasions to recognize the truth of such conclusion in our opinions.    We said of an indictment alleging murder: " Manslaughter is a killing ' without a design to effect death.'    The words in the statute, under which the indictment is framed, exclude the idea of manslaughter, for they describe an ' assault and battery by means of a deadly weapon, or by such other means or force as was likely to produce death with the intent to kill.' "    (Pontius v. People, 82 N. Y. 339, 345.)    The converse must be equally true.    The words in the statute defining manslaughter exclude the idea of assault in the first degree for they describe an assault " without a design to effect death."    In another case we said: " The intent to kill is the distinguishing element of the offense (of assault with intent to kill), while every degree of manslaughter and every description of that crime in the statute, except one, is based upon an absence of an intent to kill, and how this crime can be established by proving an assault under such circumstances, that, had the killing taken place, it would have been only one of the degrees of manslaughter, which is based upon the absence of an intent to kill, is manifestly incongruous."    (Slatterly v. People, 58 N. Y. 354, 357.) One crime is not constituted by the alleged acts which constitute

another crime, or the one crime is not a lower degree of another crime, unless the latter crime necessarily includes the ingredients of the former crime. The crime of assault in the first degree is not constituted by the alleged acts constituting the crime of manslaughter in the first degree, because the act of manslaughter in that degree and the evidence proving the commission of the act do not necessarily, and in fact could not, prove the act of assault in the first degree. The principal element of the assault with intent to kill was no part of the manslaughter. The People cannot indict a citizen for a crime and have conviction for a different crime unless the ingredients of the latter are fully embraced in the former or necessarily averred in the indictment for the crime charged and proven upon the trial of the indictment. (Watson v. State, 116 Ga. 607; Reynolds v. People, 83 Ill. 479; Carpenter v. People, 5 Ill. 197; Prindeville v. People, 42 Ill. 217; Moore v. State, 59 Miss. 25; Commonwealth v. Roby, 12 Pick. 496; Diaz v. United States, 223 U. S. 442; Commonwealth v. Dean, 109 Mass. 349.)

In the statute under consideration (Penal Law, § 444) there is the legislative recognition of and compliance with the principles we have stated. It enacts that the defendant, under the prescribed conditions, " may be convicted of assault in any degree constituted by said act, and warranted by the evidence." The words, " in any degree constituted by said act, and warranted by the evidence," are words of limitation. " Said act " is that charged or complained of in the indictment. A defendant may not, under the prescribed conditions, be convicted of assault in the degree having the measure of punishment which the jury would inflict. A defendant may be convicted only of an assault constituted by or necessarily included in the specifications of the indictment and proven by the evidence. The defendant at the bar, under the erroneous refusal of the trial judge to instruct the jury, was convicted of an assault which the specifications of the indictment averred he did not

commit, and the commission of which was not at the trial an issue or susceptible of proof.

The judgment of conviction should be reversed and a new trial ordered.

CHASE, J. (dissenting) :

The defendant was indicted for manslaughter in the first degree.    Manslaughter in the first degree is homicide when not justifiable or excusable, and " When committed without a design to effect death:

" 1.    *    *    *, or,

" 2. In the heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon.    *    *    *."    (Penal Code, § 1050.)

The indictment charged that the defendant " feloniously, wilfully, unlawfully, and wrongfully, but without a design to effect the death " of one Felix Wrzeszenski, made an assault upon him " by means of a dangerous weapon and firearm commonly known as a pistol or revolver " which he did " fire off, shoot, explode and discharge " at, towards and against said W., inflicting serious wounds from the effects of which he died.

It appeared at the trial that the defendant fired two shots at W., both of which passed through his left lung.    W. died at a hospital about ten days thereafter.    The attending physician testified in substance that W. failed to obey the instructions given him and that in his judgment, if W. had obeyed the instructions so given him he would have recovered.    Other testimony was received to show that W. died from the wounds but a question of fact thus arose as to whether W. died from the wounds inflicted by the defendant.

It is provided by section 444 of the Code of Criminal Procedure as follows:

" Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree

inferior thereto, or of an attempt to commit the crime. Upon a trial for murder or manslaughter, if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence."

Assault in the first degree is defined by section 240 of the Penal Code as follows:

" A person who, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another: 1. Assaults another with a loaded firearm, or any other deadly weapon, or by any other means or force likely to produce death; or  *  *  *

" Is guilty of assault in the first degree."

The defendant was found guilty of assault in the first degree. An appeal was taken to the Appellate Division from the judgment entered upon the verdict and the judgment was there unanimously affirmed. (People v. Santoro, 190 App. Div. 56.)

The question whether the defendant could under the indictment be found guilty of assault in the first degree, did not arise during the trial prior to the charge of the court. At the close of the testimony for the People counsel for the defendant asked that the indictment be dismissed and the defendant discharged because the *People failed to prove the defendant guilty of the crime set forth in the indictment or of any crime.* The motion was denied. No direct evidence was offered by the People as to the intent with which the defendant shot W. It was a fact to be inferred from the facts proven. The defendant however, was asked by his counsel whether he intended to kill W. Counsel for the People objected because the intent with which the shooting was done is a question to be determined by the jury. The objection was overruled and the defendant answered, " No, sir. I did not intend to kill him."

The court in charging the jury read to them the provisions of the Penal Law defining assault in the first, second and third degrees, and at the close of the charge said: " If there is a

reasonable doubt in your mind he (defendant) is entitled to the benefit of that doubt and your verdict should be acquittal. If there is no reasonable doubt you may bring in a verdict under any of the provisions I have stated to you." No exception was taken.

Counsel for the defendant said: " I ask your honor to charge the jury that simply because the jury have any doubt as to whether the defendant committed a greater crime would be no reason whatever for bringing in a verdict of assault unless they found that the defendant had committed the crime of assault." The court charged as requested.

No suggestion was made on behalf of the defendant that the jury could not legally find him guilty of assault in the first degree.    Subsequently the jury came into court and asked to be informed as to the punishment prescribed for assault in the first degree.

The court complied with the request of the jury, whereupon counsel for the defendant said: " I ask your honor to charge that the defendant cannot be found guilty of assault in the first degree," but the court refused so to charge.

I think the belated claim in behalf of the defendant is nevertheless in time to raise the question as to his conviction under the indictment.

It was a rule of the common law that when an indictment charges an offense which includes within it another inferior offense or one of a lesser degree, the defendant could be convicted of the inferior offense or one of lesser degree.

In England the rule did not permit finding a defendant guilty of a misdemeanor on a charge of a crime constituting a felony.    This distinction, which was based upon certain privileges accorded a person charged with a felony, was not applicable in this state.    The rule of the common law that prevailed in this state was to prevent the prosecution from failing when the alleged facts and circumstances charged in the indictment were proved, if such proofs made out a crime though of an

inferior degree. (People v. Jackson, 3 Hill, 92.) The inapplicable averments in the indictment were treated as surplusage. (People v. White, 22 Wend. 167, 175.) The rule is now included in sections 445 and 444 of the Code of Criminal Procedure. Section 445 provides: " In all other cases (cases defined in section 444) the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment."

Section 444 of the Code of Criminal Procedure, from which we have quoted, is *more comprehensive than the common-law rule* or the rule as provided by said section 445. It is the apparent intention and purpose of the statute to permit the conviction of a person indicted for the crime really committed by the overt acts set forth in the indictment. While intention is of material, and in many cases of commanding importance in determining whether a person is guilty of a crime and of the degree thereof, there must in at least all crimes of violence, be overt acts upon which to base an indictment and conviction.

It is expressly provided in said section 444 of the Code of Criminal Procedure that if upon a trial for murder or *manslaughter,* it is not proven that the acts complained of *were the cause of death* " the defendant may be convicted of an assault in *any* degree *constituted* by *said act, and warranted by the evidence."*

A person on trial for a crime is apprised by the indictment and the statutes of the fact that he is not only charged with the overt acts mentioned in the indictment and with the crime specifically mentioned therein, but also with all other inferior degrees thereof and of an attempt to commit the crime, and that if the indictment is for murder or manslaughter and the act complained of is not proven to be the cause of death he is thereby charged with and may be convicted of assault in any degree constituted by the act charged in the indictment and warranted by the evidence.

The indictment does not include a count of a higher nature.

If it appears from the testimony received at the trial that a crime of a higher nature than that charged in the indictment has been committed the court may direct the jury to be discharged and all proceedings on the indictment to be suspended and may order the defendant to be committed or continued on or admitted to bail to answer any new indictment which may be found against him for the higher offense. (Code of Criminal Procedure, § 400.)

If the defendant is not indicted for the higher crime at the next term of the court, the court must again proceed to try the defendant on the original indictment. (Code of Criminal Procedure, § 401.)

Section 444 of the Code of Criminal Procedure does not confine the right to convict the defendant under indictment of manslaughter in the first degree to any inferior crime consistent with the *intent and facts* charged in the indictment for manslaughter in the first degree but of any degree *constituted by the acts charged in the indictment and warranted by the evidence.*

The plain language of section 444 includes assault in the first degree. The language of the section is too plain for interpretation. There is no constitutional provision in this state which prevented the Legislature from enacting section 444 of the Code of Criminal Procedure.

The principal authorities referred to by the defendant and otherwise coming to our attention, among which is State v. Thomas (65 N. J. L. 598), where different conclusions have been reached, are cases where the common-law rule was considered unaffected by express statutory provisions constitutionally enacted.

The decision in People v. Huson (114 App. Div. 693, 20 N. Y. Crim. 36) was reversed (187 N. Y. 97). The question under consideration was not considered or passed upon by this court in the Huson case. I do not approve the conclusion reached by the Appellate Division in that case.

In People v. McDonald (159 N. Y. 309, 314, 14 N. Y. Crim. 100) the defendant was indicted and convicted of the crime of murder in the first degree. This court, in reversing the judgment because the trial court refused to charge the jury that it should not convict the defendant of assault in the first degree or assault in the second degree, said: " An assault, in any of its degrees, we think, is not a necessary legal element in a charge of murder in an indictment in substantially the same form as was in use under the common law, and *until some statute authorizes a conviction for this offense under an indictment charging homicide, the courts are not required to submit such a question to the jury.*"

Section 444 of the Code of Criminal Procedure was thereupon amended by the Legislature so as to read as hereinbefore quoted. It has been suggested that the amendment was passed because of the statement of this court in the McDonald case.

In Keefe v. People (40 N. Y. 348, 355) the statements of this court in the opinion are, particularly in view of the present provisions of the Code of Criminal Procedure, applicable if not controlling in this case. In that case the plaintiff in error was indicted for murder in the first degree. The indictment contained a single count for murder drawn as required by the common law. He was convicted of murder in the second degree which was then (1865) defined to be the killing of a human being without a design to effect death by a person engaged in the commission of a felony other than that of arson in the first degree. The conviction was sustained. This court, referring to the statute then existing which provides that upon an indictment for an offense consisting of different degrees the jury may find the accused not guilty of the offense in the degree charged in the indictment and may find such accused guilty of any degree of such offense inferior to that charged in the indictment or of an attempt to commit such an offense, say: " I think the true construction of the statute is, that when the act for which the accused is indicted is the same act for which he is convicted,

the conviction of a lower degree is proper, although the indictment contains averments constituting the offense of the highest degree of the species of crime, and omits to state the particular intent and circumstances characterizing a lower degree of the same crime. If this be the true construction, it follows that, under an indictment for murder in the first degree, the accused may be convicted of any degree of murder, or manslaughter, for the unlawful killing of the identical person charged by the identical means charged in the indictment. * * * It is a general rule in criminal pleading, that when the act done is criminal only when done under a particular state of facts or circumstances, the existence of such facts and circumstances must be averred in the indictment, but the section of the statute under consideration has in effect provided that when the indictment is for a crime consisting of different degrees and depending upon the intention of the accused and the circumstances under which the act was committed, and the indictment charges such act to have been committed with the intent, and under the circumstances constituting the highest degree of the crime the defendant may be convicted of any lower degree, and consequently when there is a failure of proof of any part essential to a conviction of the higher degree, proof may be given of facts constituting a lower degree of the same crime, although the latter facts are not charged in the indictment, and the defendant may, upon such proof, be rightly convicted of the lower degree. * * * We have seen that the statute authorizing a conviction of a lower degree of the same crime, upon an indictment for a higher degree, makes the evidence authorizing such conviction competent. Otherwise the statute would be inoperative. I the more readily adopt this construction, as I cannot see that the accused can be prejudiced thereby. He is informed by the indictment, of the particular crime charged, and of the means used in its perpetration, and that it was committed with the intent, and under the circumstances constituting the highest degree of that crime. He, therefore, comes to

this trial not only prepared to show, if he can, that he is not guilty of the particular degree charged, but of no lower degree of the same crime."

It was not error for the court to refuse to charge that the defendant could not be found guilty of assault in the first degree.

I do not think that the " felony upon the person or property of the one assaulted " mentioned in section 240 of the Penal Law included the attempt to commit a homicide. The felony therein intended is one independent of the assault with intent to kill, such as mayhem, rape or other crime not necessarily included in the assault.

This court in Foster v. People (50 N. Y. 598, 602), in which Foster had been indicted for murder in the first degree and in considering murder in the second degree as then defined by statute, say: " It is claimed on the part of the people that the words ' engaged in the commission of any felony,' in the statute, do not include cases in which the killing resulted from intentional violence to the person killed, and where, although the intent was to commit a felonious assault there was no intention to kill; or, in other words, where the felony intended, although not the felony of homicide, was the very act of personal violence which caused the death, that this is not a felony within the meaning of the statute."

In that case Foster was insisting that striking the deceased on the head with a car hook, which was the overt act shown therein, might have been with intent to commit mayhem, which is something different from the crime of assault, and the court further say: " What the true construction of the statute is, is immaterial in this case, unless the evidence warranted the inference, or unless the jury might have found from the evidence that the prisoner, when he struck the deceased, intended to commit some felony other than the homicide with which he is charged." (p. 603.)

It was found in that case that the prisoner did not intend to
27

commit any other felony and it is not claimed in the case now before us that the defendant intended to commit a felony upon W. other than the assault with or without intent to kill.

Such an assault did not constitute " a felony upon the person or property " of W. within the meaning of section 240 of the Penal Law.    (Foster v. People, supra; People v. Hüter, 184 N. Y. 237, 20 N. Y. Crim. 36; People v. Spohr, 206 N. Y. 516.)

It is also urged that the judgment is void because the court instructed the jury on Sunday and the judgment of conviction was entered on that day.

The case was tried on Saturday and submitted to the jury at 11 p. m. on that day.    The jury continued in deliberation until after 12 o'clock, when they came into court and stated that they were unable to agree upon a verdict and asked to be informed of the punishment prescribed for a person convicted of assault in the first degree.    Counsel for defendant then asked the court to charge the jury that the defendant cannot be found guilty of assault in the first degree, and the court refused to make the charge as hereinbefore stated.    The jury retired but soon returned with a verdict against the defendant which was received.    The defendant then waived any delay in pronouncing sentence and sentence was pronounced.

It is provided by section 5 of the Judiciary Law (Cons. Laws, chap. 30) that " A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury.    *    *    *."

The statement made to the jury in answer to their request and the refusal of the court to charge the jury as requested by the defendant's counsel were incidental to the deliberation by the jury and the lawful receipt of their verdict.    Any action taken by the trial court contrary to the provisions of the Judiciary Law as quoted was with the approval and acquiescence of the defendant and such a waiver on his part as to

prevent his taking advantage of such action at this time. (Roberts v. Bower, 5 Hun, 558.)

· . The judgment of conviction should be affirmed.

HISCOCK, Ch. J., CARDOZO and ANDREWS, JJ., concur with COLLIN, J.; POUND and CRANE, JJ., concur with CHASE, J.

Judgment of conviction reversed, etc.